# United States Court of Appeals
## For the First Circuit

No. 20-1903

UNITED STATES OF AMERICA,

Appellee,

v.

WILLIE RICHARD MINOR,

Defendant - Appellant.

Before

Barron, Chief Judge,
Lynch, Thompson, Kayatta,
and Gelpí, Circuit Judges.

**ORDER OF COURT**

Entered: September 14, 2022

     A majority of the active judges who are not disqualified have voted to hear this case en banc. Accordingly, the petition for rehearing en banc is granted. In accordance with customary practice, the panel opinion released on April 11, 2022 is withdrawn, and the judgment entered the same date is vacated. See 1st Cir. I.O.P. X(D).

     The en banc court will have copies of the parties' previously filed briefs. The parties are also directed to file simultaneous supplemental briefs addressing the following questions, in addition to any other questions the parties may wish to address.

1. Could the defendant in Rehaif v. United States, 139 S. Ct. 2191 (2019), have been convicted of knowingly violating 18 U.S.C. § 922(g)(5) if he did not know that the facts as known to him made his presence in the country unlawful, as defined by federal law (i.e., 8 U.S.C. § 1182(a)(9)(B)(ii) and 8 C.F.R. § 214.2(f)(5)(i))? If not, then can Minor be convicted of knowingly violating 18 U.S.C. § 922(g)(9) if he did not know that the facts as known to him made his prior conviction a "misdemeanor crime of domestic violence," as defined by federal law (i.e., 18 U.S.C. § 921(a)(33)(A))?

2. Does requiring Minor to know that his predicate offense constituted a "misdemeanor crime of domestic violence," as defined by 18 U.S.C. § 921(a)(33)(A), materially differ from requiring Minor to know that his prior conviction barred him from possessing a firearm? If so, how so? If not, how is this requirement consistent with Rehaif v. United States, 139 S. Ct. 2191 (2019), and United States v. Austin, 991 F.3d 51 (1st Cir. 2021)?

3. Would requiring Minor to know that his predicate offense constituted a "misdemeanor crime of domestic violence," as defined by 18 U.S.C. § 921(a)(33)(A), "frustrate Congress' manifest purpose" in enacting 18 U.S.C. § 922(g)(9)? United States v. Hayes, 555 U.S. 415, 427 (2009).

4. What "collateral" legal matters, if any, must Minor have known in order to be convicted? Rehaif v. United States, 139 S. Ct. 2191, 2198 (2019).

5. What is the category of persons barred from possessing a firearm that the government must prove Minor knew he belonged to?

6. If Rehaif v. United States, 139 S. Ct. 2191 (2019), does not require that under 18 U.S.C. § 922(g)(9) and 18 U.S.C. § 921(a)(33)(A) the government must prove that the defendant knew that at the time of his firearms possession that Congress had classified an offense that (1) is "a misdemeanor under Federal State or Tribal law," (2) "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon," and (3) was committed against a person of domestic relation to the perpetrator as a "misdemeanor crime of domestic violence":

    a. Does Rehaif nonetheless require proof that the defendant knew at the time of the firearms possession that he had been convicted of an offense that (1) is "a misdemeanor under Federal State or Tribal law," (2) "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon," and (3) was committed against a person of domestic relation to the perpetrator? If so, why? If not, why not?

    b. In light of the instructions that were given to the jury in this case, what are the consequences for the disposition of this case if Rehaif does require proof that the defendant knew at the time of the firearms possession that he had been convicted of an offense that had those three features?

The supplemental briefs should be filed simultaneously on or before **October 5, 2022**. Such briefs should not exceed 30 pages, and shall otherwise comply with applicable rules concerning format, service and other requirements.

Amici are welcome to file amicus briefs, also not to exceed 30 pages per brief, no later than 7 days after the principal supplemental briefs are filed, but must seek prior leave of court.

Any reply supplemental briefs must be filed by the parties no later than 21 days after the amici briefing deadline. Reply briefs are limited to 15 pages.

The en banc hearing will be scheduled for December 8, 2022.

By the Court:

Maria R. Hamilton, Clerk

cc:
Karen A. Pickett
Donald E. Clark
Sheila Watters Sawyer
Benjamin M. Block
Joshua K. Handell