No. 20-1903

# In the United States Court of Appeals for the First Circuit

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIE RICHARD MINOR,

Defendant-Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MAINE, D. CT. NO. 17-CR-21 (HON. D. BROCK HORNBY)

---

## PETITION OF THE UNITED STATES FOR REHEARING EN BANC

---

DARCIE N. MCELWEE
  United States Attorney

BENJAMIN M. BLOCK
  Assistant United States Attorney
  District of Maine

KENNETH A. POLITE, JR.
  Assistant Attorney General

LISA H. MILLER
  Deputy Assistant Attorney General

JOSHUA K. HANDELL
  First Circuit Bar No. 1187490
  Attorney, Appellate Section
  Criminal Division, Ste. 1515
  United States Department of Justice
  950 Pennsylvania Avenue N.W.
  Washington, DC 20530
  (202) 305-4244
  joshua.handell@usdoj.gov

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES...................................................................iii

INTRODUCTION AND RULE 35(B)(1) STATEMENT ...............................1

STATEMENT OF THE ISSUE..................................................................2

BACKGROUND.......................................................................................2

      A.    The Federal Firearms Prohibition ......................................2

      B.    Statement of the Facts.........................................................3

      C.    Procedural History ..............................................................4

ARGUMENT ...........................................................................................6

I.    The Panel Contravened Supreme Court, First Circuit, and Out-of-Circuit Precedent by Misconstruing Section 922(g)(9)'s Scienter Requirement..................................................................................6

      A.    The Panel's Decision Is Inconsistent with the Supreme Court's Scienter Precedents, Including *Rehaif*...................6

           1.    Defendants Need Not Be Aware of a Statutory Category Itself but Only the Characteristics that Bring Their Conduct Within the Statutory Category.......................7

           2.    *Rehaif* Did Not Upend Supreme Court Precedent to Suddenly Require Technical Statutory Knowledge............10

      B.    The Panel's Decision Cannot Be Reconciled with This Court's Holding that a Defendant Need Not Know of the Federal Firearms Prohibition in Order to Violate It. ....................11

      C.    The Panel's Decision Conflicts with the Authoritative Holdings of Multiple Other Circuits................................12

II.    The Panel's Decision Will Frustrate Enforcement of the Federal
       Firearms Prohibition Against Violent Domestic Abusers..........................14

       A.    The Majority's Crediting of Minor's Inapposite Advice-of-
             Counsel Defense Confirms Its Misapprehension of the
             Relevant Knowledge...........................................................................14

       B.    The Panel's Decision Offered No Guidance on
             Appropriate Jury Instructions. ...........................................................15

CONCLUSION ...........................................................................................................16

CERTIFICATE OF COMPLIANCE.......................................................................

CERTIFICATE OF SERVICE..................................................................................

# TABLE OF AUTHORITIES

**Cases**

*Elonis* v. *United States*,
  575 U.S. 723 (2015) .................................................................................... 7, 9

*Liparota* v. *United States*,
  471 U.S. 419 (1985) ............................................................................... 7, 8, 9, 10

*Rehaif* v. *United States*,
  139 S. Ct. 2191 (2019) ................................................................................ *passim*

*Staples* v. *United States*,
  511 U.S. 600 (1994) ...................................................................................... 7

*United States* v. *Austin*,
  991 F.3d 51 (1st Cir. 2021) ....................................................................... 11, 15

*United States* v. *Gear*,
  9 F.4th 1040 (9th Cir. 2021), cert. denied, 142 S. Ct. 1229 (2022) ...................... 13, 14

*United States* v. *Hayes*,
  555 U.S. 415 (2009) ...................................................................................... 3

*United States* v. *Johnson*,
  981 F.3d 1171 (11th Cir. 2020), cert. denied, 142 S. Ct. 567 (2021) ......... 8, 10, 13, 14

*United States* v. *Tanco-Baez*,
  942 F.3d 7 (1st Cir. 2019) ............................................................................ 9

**Statutes and Rule**

The Federal Firearms Prohibition
  18 U.S.C. § 921(a)(33)(A) ......................................................................... 2, 11
  18 U.S.C. § 922(d)(9) ................................................................................ 12
  18 U.S.C. § 922(g) ...................................................................................... 2
  18 U.S.C. § 922(g)(5)(B) ............................................................................ 12
  18 U.S.C. § 922(g)(9) .............................................................................. *passim*
  18 U.S.C. § 924(a)(2) ............................................................................... 2, 8

Fed. R. App. P. 35 ..................................................................................... 1, 6, 14

## INTRODUCTION AND RULE 35(B)(1) STATEMENT

A divided panel of this Court vacated Willie Richard Minor's conviction for unlawful firearm possession by a domestic-violence misdemeanant—notwithstanding the jury's finding that Minor knew every relevant fact that qualified his prior conviction as a misdemeanor crime of domestic violence—because, in the panel majority's view, the government was also required to prove that Minor had analyzed and grasped the full "legal import" of those facts as they relate to the federal firearms prohibition. The panel's decision misreads the Supreme Court's holding in *Rehaif* v. *United States*, 139 S. Ct. 2191 (2019), and misapplies that Court's other scienter precedents; contravenes this Court's own post-*Rehaif* caselaw; creates an acknowledged circuit conflict with respect to prosecutions under 18 U.S.C. § 922(g)(9) and a broader, unacknowledged conflict as to unlawful-firearm-possession prosecutions more generally; and erects substantial and unwarranted obstacles in future cases. Left intact, the panel's departure from the consensus view of other courts will, in the words of the dissenting judge, "have the unfortunate consequence of impairing efforts to prevent instances of domestic violence within the jurisdictions which comprise the First Circuit." Op.36.[1] The panel's outlying treatment of Section 922(g)(9) thus "involves a question of exceptional importance" warranting rehearing en banc.

---

[1] Op. = slip opinion; Add. = addendum to Minor's brief; App. = Minor's appendix; Supp.App. = government's supplemental appendix; DE = district-court docket entry; PSR = presentence investigation report.

## STATEMENT OF THE ISSUE

Whether, in a prosecution for unlawful firearm possession by a domestic-violence misdemeanant, the jury must find not only that the defendant knew every relevant fact that qualified his prior conviction as a misdemeanor crime of domestic violence, but also that he had ascertained the full "legal import" of those facts as they relate to the federal firearms prohibition.

## BACKGROUND

### A.     The Federal Firearms Prohibition

Under 18 U.S.C. § 922(g), it is "unlawful for any person" who falls within one of nine enumerated categories to possess "any firearm or ammunition." Section 924(a)(2) prescribes the penalties applicable to "[w]hoever knowingly violates" Section 922(g). In *Rehaif*, the Supreme Court held that "the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)." 139 S. Ct. at 2194.

Section 922(g)(9) prohibits gun possession by anyone "who has been convicted in any court of a misdemeanor crime of domestic violence." Subject to exceptions not relevant here, Section 921(a)(33) defines "misdemeanor crime of domestic violence" as

> an offense that—(i) is a misdemeanor under Federal, State, or Tribal law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse [or other specified domestic relation].

2

"[T]he domestic relationship . . . need not be a defining element of the predicate offense." *United States* v. *Hayes*, 555 U.S. 415, 418 (2009). Accordingly, a misdemeanor crime of domestic violence encompasses any prior conviction that (1) was subject to misdemeanor penalties; (2) required the use or attempted use of physical force or threatened use of a deadly weapon; and (3) involved a victim who had a domestic relationship with the defendant.

### B.    Statement of the Facts

As Judge Lynch noted, "Minor's criminal history reflects several instances of domestic abuse and a propensity toward violence"; indeed, he "has been arrested and/or formally charged eight times with conduct that appears to involve domestic violence or assault." Op.37 & n.8; PSR ¶¶ 36-46. Two such episodes are relevant here.

**1.**    In August 2009, Minor violently assaulted his then-wife, Betty Minor. PSR ¶ 37. According to the police report, Minor became enraged after Betty refused his demand for sex. *Ibid.* Minor struck Betty, pursued her through their home, shoved her into a metal shelf, and threw her to the floor. *Ibid.* Betty reported the attack in order to obtain a protection order. *Ibid.*

Minor was charged with "domestic violence assault," which involved inflicting "bodily injury or offensive physical contact" on his spouse. App.69. Minor pleaded down to a charge of simple assault, App.78, which removed the element that "the assault was committed against a family or a household member as defined in the statute," Supp.App.130, but retained the same "named victim" (Betty), Supp.App.132.

**2.**     In November 2016, police received a report that Minor had "subjected to repeated domestic abuse and sex trafficking acts" his then-girlfriend C.K.  PSR ¶¶ 8-9. C.K. recounted how Minor had "forced her to have sexual intercourse against her will," "ma[de] threats about killing her," and "physically abused her 'daily,'" including by hitting her with a sledgehammer and striking her with a pistol.  PSR ¶¶ 9-11.  During a search of Minor's residence, police recovered a loaded .38-caliber pistol.  PSR ¶ 13.

**C.     Procedural History**

**1.**     In February 2017, a grand jury indicted Minor on one count of possessing a firearm following a conviction for a misdemeanor crime of domestic violence.  DE.1. Following a jury trial, Minor was convicted and sentenced to 57 months in prison. DE.118:1-3.  *Rehaif* issued while Minor's appeal was pending, and the parties thereafter agreed to vacatur and remand for a new trial.  DE.144.

**2.**     On remand, the grand jury returned a superseding indictment alleging that Minor had been convicted in June 2010 of "Assault, Class D, against B.M., his wife"— and that, at the time he possessed a firearm in November 2016, Minor "knew that he had been previously convicted of this misdemeanor crime of domestic violence." App.25.   At the conclusion of Minor's trial, the court instructed the jury that the government must have proven

> that Willie Richard Minor knew that he had been convicted of [the] crime [referenced in the indictment], that he knew the conviction subjected him to incarceration of up to 364 days, that he knew the conviction was for causing bodily injury or offensive physical contact to another person, and that he knew the victim of the crime was his spouse at the time.

4

Supp.App.238.  Minor was convicted and sentenced to time served.  DE.260:1-2.

**3.**     Last month, this Court vacated Minor's conviction.  The panel rejected Minor's contention that *Rehaif* requires the government "to prove his subjective knowledge that he was violating the law," Op.21 (cleaned up), and upheld the sufficiency of the trial evidence, Op.25.  But the panel majority concluded that the district court erred by requiring of the jury only "a finding that a defendant is aware of the component parts of his prohibited status" rather than a separate finding "that he is aware of the implication of the sum of those components."  Op.13-14.  Reading *Rehaif* to require not only that the defendant "knew all the facts that rendered" him within a prohibited category but also "that he knew the legal import of those facts," the majority found Minor's "reliance on *Rehaif* . . . persuasive" and granted relief.  Op.14.

Judge Lynch dissented.  She criticized the panel's "erroneous decision" for "misread[ing] *Rehaif*" and "other binding Supreme Court cases," "creat[ing] a circuit split," and "impairing efforts to prevent instances of domestic violence."  Op.36.  In her view, the district court correctly "instructed the jury that it must find . . . that Minor knew all of the features necessary to render his prior Maine conviction a domestic violence misdemeanor under section 922(g)(9)."  Op.38.  The panel majority, by contrast, was "clearly wrong that *Rehaif* . . . requires the defendant to have . . . in-depth legal knowledge to be convicted under section 922(g)(9)"—an error that "will create an unfortunate loophole in efforts to protect victims of domestic violence."  *Ibid.*

## ARGUMENT

With respect, the panel majority misapprehended Supreme Court precedent, misapplied this Court's caselaw, misprized the contrary authority of its sister circuits, and, accordingly, misconstrued the knowledge required under Section 922(g)(9). Review and correction by the en banc Court are warranted.

### I. The Panel Contravened Supreme Court, First Circuit, and Out-of-Circuit Precedent by Misconstruing Section 922(g)(9)'s Scienter Requirement.

A "panel decision['s] conflict[]" with any one of "a decision of the United States Supreme Court," a decision "of the court to which the petition is addressed," or "authoritative decisions of other United States Courts of Appeals" can justify rehearing en banc. Fed. R. App. P. 35. This decision checks all three boxes—and, in so doing, imposes an erroneous and unworkable approach on an "exceptional[ly] importan[t]" law. *Ibid.*

### A. The Panel's Decision Is Inconsistent with the Supreme Court's Scienter Precedents, Including *Rehaif.*

The panel deemed the jury instructions deficient because they required only a determination whether Minor "knew all the facts" that brought him within the statutory category but not "that he knew the legal import of those facts." Op.13-14. But the Supreme Court's decisions construing the knowledge required to trigger criminal liability have drawn a clear line between a defendant's knowledge *of* the facts that make his conduct criminal (which is required) and knowledge *that* those facts bring him within the ambit of a criminal statute (which is not). *See Elonis* v. *United States*, 575 U.S. 723,

735 (2015) ("[A] defendant generally must 'know the facts that make his conduct fit the definition of the offense,'" but need "not know that those facts give rise to a crime.").

### 1. Defendants Need Not Be Aware of a Statutory Category Itself but Only the Characteristics that Bring Their Conduct Within the Statutory Category.

**a.** Two decisions place particular emphasis on distinguishing the requisite knowledge of relevant characteristics from comprehension of their legal import.

In *Liparota* v. *United States*, 471 U.S. 419, 420 (1985), the Supreme Court analyzed a statute prescribing criminal penalties for someone who "knowingly uses, transfers, acquires, alters, or possesses" food stamps "in any manner not authorized by" applicable regulations. The Court read the statute to require proof that the defendant knew that his conduct "was unauthorized," *id.* at 434, but made clear that the government need not prove the defendant understood that this lack of authorization brought him within the ambit of a criminal statute, *id.* at 425 n.9. To confirm that distinction, the Court emphasized that "the Government need not show that [the defendant] had knowledge of specific regulations," nor "introduce any extraordinary evidence that would conclusively demonstrate [his] state of mind." *Id.* at 434.

Similarly, in *Staples* v. *United States*, 511 U.S. 600, 602 (1994), the Court concluded that, to convict for possession of an unregistered machinegun, the government must prove only that the defendant "knew the weapon he possessed had the characteristics that brought it within the statutory definition of a machinegun"—not that he had compared his weapon to (or even was aware of) that statutory definition. "In other

words," *Staples* held that "the defendant 'must know the facts that make his conduct illegal,'" but "d[oes] not need to know the statutory definition of a machinegun to be convicted." *United States* v. *Johnson*, 981 F.3d 1171, 1182 (11th Cir. 2020).

Likewise here, Minor "must have known the facts that made [his] crime qualify as a misdemeanor crime of domestic violence," but need not have known that either Congress or "the Supreme Court had defined the term and what that definition was," nor the legal consequences that would flow from that conviction. *Johnson*, 981 F.3d at 1182-1183. Thus, by instructing the jury to determine Minor's knowledge of the relevant *characteristics* of his prior conviction, the district court delineated the scienter element as the Supreme Court has long defined it.

**b.** The panel majority acknowledged the Supreme Court's decisions in *Staples* and *Liparota* but mistakenly disregarded their teaching. Op.14-16.

The majority began by implying that these precedents are inapposite because, in each, "the Court read mens rea requirements into criminal statutes that (unlike section 924(a)(2)) otherwise would not have included any." Op.14. Not so. In a close parallel to Section 924(a)(2), the statute at issue in *Liparota* attached the adverb "knowingly" to the means of committing the offense and presented the interpretive question "how far down the sentence the term 'knowingly' travels." 471 U.S. at 434 (White, J., dissenting); *cf. Rehaif*, 139 S. Ct. at 2194 ("The question here concerns the scope of the word 'knowingly.'"). And even where a statute lacks such an explicit *mens rea*, the Supreme

Court has never suggested that the rigor of showing scienter depends on whether that element is "specif[ied] . . . in the statutory text" or merely "presum[ed]." *Id.* at 2195.

The panel majority's case-specific distinctions fare no better. Its attempt to cabin the holding of *Staples*—on the basis that the defendant there "did not argue that the government ought to have been required to prove his knowledge . . . that his gun in fact qualified as a machinegun under the Act," Op.15—cannot be squared with this Court's caselaw, which has consistently taken *Staples*'s explication of the requisite *mens rea* at face value. *See, e.g.*, *United States* v. *Tanco-Baez*, 942 F.3d 7, 26 (1st Cir. 2019) ("With regard to the knowledge requirement, the government must prove that 'the defendant had knowledge of the characteristics that brought the gun within the statutory definition, and not that [he] had knowledge that the gun was in fact considered a machine gun under law.'"). And turning to *Liparota*, the majority quoted (Op.15-16) *Rehaif*'s unremarkable description of that case as extending scienter to "whether the food stamps were used in a 'manner not authorized by the statute or regulations,'" 139 S. Ct. at 2198—but also acknowledged that the Court in *Elonis* characterized that extension as simply "requir[ing] knowledge of the *facts* that made the use of the food stamps unauthorized," 575 U.S. at 736 (emphasis added). The panel identified no instance in which the Supreme Court has held that a defendant's awareness of every relevant characteristic bringing him within a statutory category is insufficient absent his separate subjective conclusion that he fell within the ambit of that statutory category.

### 2. *Rehaif* Did Not Upend Supreme Court Precedent to Suddenly Require Technical Statutory Knowledge.

Nothing in *Rehaif* suggests that the Court departed from its longstanding scienter precedents to adopt an approach that "requires technical knowledge of the law." *Johnson*, 981 F.3d at 1182. To the contrary, the Court expressed "doubt that the obligation to prove a defendant's knowledge of his status" would be particularly "burdensome." *Rehaif*, 139 S. Ct. at 2198. Certainly, the Court gave no indication that it was confining liability under Section 922(g)(9) to only a hypothetical defendant with the perspicacity to analyze the "misdemeanor crime of domestic violence" provision and ascertain that his offense fell within that statutory ambit. *Cf. Johnson*, 981 F.3d at 1182 ("The Court did not conclude that Congress expected a person to have performed a *Descamps* analysis on his misdemeanor crime of conviction[.]"). That approach would impose an "unduly heavy burden on the Government" in enforcing this law, *Liparota*, 471 U.S. at 433-434—a burden of the kind the Court disavowed.

To be sure, *Rehaif* made clear that a defendant's mistake as to a "'collateral' question of law" could negate scienter where that legal matter constitutes a necessary aspect of his status. 139 S. Ct. at 2198. Thus, had Minor demonstrated his ignorance or mistake as to some legal characteristic of his conviction necessary to bring it within the scope of "misdemeanor crime[s] of domestic violence"—*e.g.*, that the offense required the use or attempted use of physical force or threatened use of a deadly weapon—he could have negated the knowledge-of-status element by reference to a

collateral legal mistake. Such a misapprehension would be consistent with the type of collateral mistakes—*e.g.*, "a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is 'punishable by imprisonment for a term exceeding one year'"—that *Rehaif* identified as precluding liability. *Ibid.* But a defendant's accurate knowledge as to every relevant (factual *and* legal) characteristic of his prior conviction—paired only with a misapprehension as to the definition of "misdemeanor crime of domestic violence," as used in Section 922(g)(9)—is not a *collateral* mistake; it is, if anything, a mistake as to the scope of the statutory prohibition itself, which falls within the traditional "maxim that 'ignorance of the law' (or a 'mistake of law') is no excuse." *Ibid.*

### B. The Panel's Decision Cannot Be Reconciled with This Court's Holding that a Defendant Need Not Know of the Federal Firearms Prohibition in Order to Violate It.

The panel majority correctly noted that *United States* v. *Austin*, 991 F.3d 51, 59 (1st Cir. 2021), forecloses Minor's argument that *Rehaif* "obligate[s] the government to prove his subjective knowledge that he was violating the law." Op.21 (cleaned up). But the holding here negates that rule for prosecutions under Section 922(g)(9).

Unlike felons, unauthorized immigrants, etc., those restricted under Section 922(g)(9)—domestic-violence misdemeanants—comprise a category that has no legal or colloquial identity independent of the federal prohibition. The phrase "misdemeanor crime of domestic violence" is defined solely for purposes of that prohibition, *see* 18 U.S.C. § 921(a)(33)(A), and used solely in the provisions criminalizing firearm

11

possession by (or sales to) that group, *id.* §§ 922(d)(9), 922(g)(9).  *See* Op.47 (Lynch, J., dissenting) ("Unlike the legality of an alien's presence in the United States, a defendant's status as a domestic violence misdemeanant under section 922(g)(9) is tied specifically to the unlawful possession statute. . . . The status (as opposed to its elements) has no legal import other than to prohibit certain individuals from possessing firearms.").

It thus "cannot reasonably be said in a section 922(g)(9) prosecution that a defendant's status as a domestic violence misdemeanant is itself 'collateral' to the offense."  Op.47.  A defendant, much like Minor, who had perfect knowledge of every salient detail of his own criminal record—but who had never consulted the federal firearms-prohibition statute—would almost assuredly escape liability under the panel's decision because, while he "knew 'the facts' that made his past offense a 'misdemeanor crime of domestic violence,'" he did not realize "that those facts added up to a particular result."  Op.16.  In short, the panel majority recited this Court's holding that a defendant need not have any knowledge of the federal statute prohibiting his conduct—then required recognition that a defendant could obtain only by consulting that statute.

### C.    The Panel's Decision Conflicts with the Authoritative Holdings of Multiple Other Circuits.

The panel majority acknowledged (Op.16) that its decision directly conflicts with that of another circuit.  In fact, the conflict is broader, and this Court stands alone.

**1.**    The Eleventh Circuit has held in published authority that, in a prosecution under Section 922(g)(9), the defendant "must have known the facts that made [his prior]

crime qualify as a misdemeanor crime of domestic violence." *Johnson*, 981 F.3d at 1182. The court determined that, pursuant to the Supreme Court's scienter caselaw, a statutory knowledge requirement means that "the defendant 'must know the facts that make his conduct illegal'" but not that he was aware of "the statutory definition" implicated by those facts or of the prohibition itself. *Ibid.* "Applying th[ose] principles" to Section 922(g)(9), the court required the defendant to have known that "(1) he had been convicted of a misdemeanor under state law; (2) to be convicted of that misdemeanor, he must have knowingly or recklessly engaged in at least 'the slightest offensive touching'; and (3) the victim was his current or former spouse at the time he committed the crime." *Id.* at 1182-1183 (citations omitted).

2.      The Ninth Circuit has applied the same reasoning to Section 922(g)(5)(B). In *United States* v. *Gear*, 9 F.4th 1040, 1046 (9th Cir. 2021), the court explained that the government may prove that a defendant "knew his particular visa was 'nonimmigrant'" by "showing he knew his visa possessed the components that constitute a nonimmigrant visa." Like the Eleventh Circuit, the Ninth Circuit deemed it "well established" by the Supreme Court that "the government may prove a defendant's knowledge of a given statutory designation by proving his knowledge of the 'offending characteristics' that undergird that designation." *Ibid.*

3.      No other circuit has adopted the panel majority's view that a defendant who knows every relevant characteristic lacks the requisite knowledge unless he has ascertained the legal import of those characteristics as they relate to the federal firearms

prohibition.  Given that preexisting uniformity, the Supreme Court denied certiorari in both *Johnson*, 142 S. Ct. 567 (2021), and *Gear*, 142 S. Ct. 1229 (2022).

## II. The Panel's Decision Will Frustrate Enforcement of the Federal Firearms Prohibition Against Violent Domestic Abusers.

The panel's treatment of Section 922(g)(9) "involves a question of exceptional importance," Fed. R. App. P. 35(a)(2), because, as Judge Lynch noted, it "create[s] an unfortunate loophole in efforts to protect victims of domestic violence," Op.38.  Two aspects of the decision bring into stark relief the obstacles that will now frustrate enforcement against domestic-violence misdemeanants in this Circuit.

### A. The Majority's Crediting of Minor's Inapposite Advice-of-Counsel Defense Confirms Its Misapprehension of the Relevant Knowledge.

The panel majority deemed the putative instructional error prejudicial based principally on "alleged information conveyed to Minor," Op.28, which consisted of hearsay relayed by Minor's state-court defense counsel that the state prosecutor had told Minor "that he would still be able to possess a firearm even under federal law," Op.32 n.4.  *But see* Supp.App.25 (prosecutor disputes this claim).  That reasoning raises two glaring problems.  First, an advice-of-counsel defense along these lines will be easy to assert and impossible to counter, as the government will scarcely be able to elicit incriminating testimony from a defendant's former attorney about legal advice provided during a prior representation.  Second, crediting this particular representation—not that Minor's offense lacked some critical element; not even that it failed to qualify as a "misdemeanor crime of domestic violence"; but instead simply that Minor "would still

be able to possess a firearm"—reinforces the panel majority's conflation of the defendant's (necessary) knowledge of the characteristics of his conviction with his (unnecessary) knowledge that his possession was prohibited.

**B.    The Panel's Decision Offered No Guidance on Appropriate Jury Instructions.**

Finally, the panel's decision leaves district courts in an untenable position when delivering jury instructions.  As Judge Lynch noted, had the district court "instructed only that the jury must find Minor knew he was a domestic violence misdemeanant, the jurors likely would not have understood the instructions."  Op.44 n.11.  But the panel majority also faulted "the district court's decision to convert legal jargon into a digestible definition for the jurors," *ibid.*, because doing so substituted Minor's "aware[ness] of the component parts of his prohibited status" in place of his "aware[ness] of the implication of the sum of those components," Op.13-14.  At the same time, under *Austin*, the instructions cannot require a finding that the defendant knew he was subject to Section 922(g)(9).  Thus, a district judge must somehow (1) ask the jury to find that the defendant knew he had been convicted of a misdemeanor crime of domestic violence—a term indecipherable to lay jurors; (2) enumerate the components of that term in a way that avoids asking the jury to find that the defendant was aware of the parts rather than the whole; and (3) also avoid instructing the jury to find that the defendant was aware of the statutory definition that pulls those parts together into a coherent whole.  That task strains description, let alone execution.

**CONCLUSION**

For the foregoing reasons, this Court should grant rehearing en banc.

Respectfully submitted,

DARCIE N. MCELWEE
    United States Attorney

KENNETH A. POLITE, JR.
    Assistant Attorney General

BENJAMIN M. BLOCK
    Assistant United States Attorney
    District of Maine

LISA H. MILLER
    Deputy Assistant Attorney General

*s/ Joshua K. Handell*
JOSHUA K. HANDELL
    First Circuit Bar No. 1187490
    Attorney, Appellate Section
    Criminal Division, Ste. 1515
    United States Department of Justice
    950 Pennsylvania Avenue N.W.
    Washington, DC 20530
    (202) 305-4244
    joshua.handell@usdoj.gov

May 23, 2022

## CERTIFICATE OF COMPLIANCE

1.     This petition complies with the type-volume limitations of Federal Rule of Appellate Procedure 35(b)(2)(A) because it contains 3,900 countable words, as verified by the word-count feature of Microsoft Word for Microsoft 365.

2.     This petition complies with the type-size and type-face requirements of Rules 32(a)(5) and (6) because it has been prepared in 14-point Garamond font.

3.     This petition has been scanned for viruses with the most recent version of McAfee Endpoint Security, version 10.7, which is continuously updated, and according to that program, is free of viruses.

*s/Joshua K. Handell*

JOSHUA K. HANDELL
    First Circuit Bar No. 1187490
    Attorney, Appellate Section
    Criminal Division, Ste. 1515
    United States Department of Justice
    950 Pennsylvania Avenue N.W.
    Washington, DC 20530
    (202) 305-4244
    joshua.handell@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 23, 2022, I caused the foregoing petition to be served upon

the user identified below through the Court's CM/ECF system:

Karen A. Pickett
Pickett Law Offices, P.C.
125 High Street, 26th Floor
Boston, MA 02110
(617) 423-0485
kpickettlaw@gmail.com

*Counsel for Defendant-Appellant Willie Richard Minor*

*s/ Joshua K. Handell*
JOSHUA K. HANDELL
  First Circuit Bar No. 1187490
  Attorney, Appellate Section
  Criminal Division, Ste. 1515
  United States Department of Justice
  950 Pennsylvania Avenue N.W.
  Washington, DC 20530
  (202) 305-4244
  joshua.handell@usdoj.gov
