NO. 20-1903

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

UNITED STATES OFAMERICA,

Appellant

v.

WILLIE RICHARD MINOR

Defendant-Appellant

On appeal from a Judgment of the United States

District Court for the District of Maine

SUPPLEMENTAL REPLY BRIEF OF DEFENDANT-APPELLANT

WILLIE RICHARD MINOR

Karen A. Pickett
First Cir. No. 89088
Pickett Law Offices, PC
125 High St., 26th Floor
Boston, MA  02110
617.423.0485
kpickettlaw@gmail.com

November 16, 2022

<u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES                                              ii
I.
I.      INTRODUCTION                                             1

II.     ARGUMENT                                                 1

        A. The Government's Supplemental Brief And The Amicus    2
           Briefs Focus On Issues Never Raised Or Argued By
           <u>Mr. Minor</u>

        B. Mr. Minor's Constitutional Rights Were Violated       5
           <u>By The Jury Instructions</u>

III.    CONCLUSION                                               10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

*Cases*

*N.Y. State Pistol Ass'n v Bruen*, 142 S. Ct. 2111 (2022)          8

*Rehaif v. United States*, 139 S. Ct. 2192 (2019)          passim

*Ruan v. United States*, 142 S. Ct. 2370 (2022)          passim

*United States v. Dirico*, 78 F.3d 732, 735 (1996)          9

*United States v. Perez-Gallan*, 2022 U.S. Dist. Lexis          9
    204756 (W.D. Tx. 2022).

*Statutes*

18 U.S.C. Section 922          passim

*Constitutional Provisions*

Second Amendment          8

Fifth Amendment          9

Sixth Amendment          9

## I.  <u>INTRODUCTION</u>

Willie Richard Minor ("Mr. Minor") submits this reply brief to address certain arguments made in the supplemental *en banc* brief filed by the Government and two amicus briefs filed by "Anti-Domestic Violence Advocacy Organizations"("Advocacy Organizations")  and "Everytown For Gun Safety Support Fund" ("Everytown").  As set forth below, these briefs focus on issues <u>not</u> argued by Mr. Minor and fail to address the very basic issue that Mr. Minor had constitutional rights to have a jury decide an essential element - - i.e., knowledge of prohibited status as a domestic violence misdemeanant - -  beyond a reasonable doubt.

## II. <u>ARGUMENT</u>

As set forth below, Mr. Minor has established that his conviction must be overturned where the trial court - - over Mr. Minor's objection - - failed to instruct the jury that they must find that Mr. Minor violated 18 U.S.C. § 922(g)(9) only if he "knew he had been previously convicted of a misdemeanor crime of domestic violence."

A. The Government's Supplemental Brief And The Amicus Briefs Focus On Issues Never Raised Or Argued By Mr. Minor

In order to aid the Court given the multitude of arguments raised by the Government and amici, Mr. Minor wishes to start out by arguing what is <u>not</u> raised, argued or conceded by him in this case.

First, Government and amici focus on the public policy concerns behind Congress' banning domestic violence misdemeanants from possessing firearms. *See* "Everytown" brief (all pages); "Advocacy Organizations" brief (pp. 6-16); and Government brief (pp. 10-15). Mr. Minor has <u>never</u> asserted that Congress did not have reason for the Lautenberg Amendment in 1996 or disputed the public policy arguments concerning the danger of firearms in the hands of domestic violence misdemeanants.[1]

Second, amicus Advocacy Organizations argue that the Lautenberg amendment helps to federalize the banning of firearms in the hands of domestic violence misdemeanants, and requiring that a defendant "know" his status as one

---

[1] Mr. Minor further does not dispute the accuracy of the depictions of "Jane Doe," "Doreen" and "LaTonya" in Everytown's Brief (pp. 10-19). What happened to these women is nothing short of tragic. On the other hand, those situations stand in stark contrast to the situation here. Mr. Minor was not charged with gun possession when he was cohabitating with his wife but rather seven years after the Maine violation. Moreover, there was no evidence that Mr. Minor ever used that weapon (his father's service weapon). Finally, Mr. Minor pleaded only to a charge that could be sustained upon "offensive physical contact" and not bodily harm.

would undercut this elaborate system.  (Advocacy Organizations Brief, pp.

16=29).  Besides the fact that courts (including this one) have recognized that

requiring the jury to find the essential element of mens rea is not a herculean task

(typically) for the Government, Mr. Minor is not required to abandon his

constitutional rights to help aid any legislative purpose.  The (somewhat) greater

burden on the Government is exactly what is required by *Rehaif v. United States*,

139 S. Ct. 2192 (2019) and reiterated more recently in *Ruan v. United States*, 142

S. Ct. 2370 (2022).[2]

Third, Mr. Minor has never argued on appeal that the Government was

required to prove that he was aware of the federal firearms prohibition in Section

922(g) and chose to violate it.  The Government has been using this alleged maxim

"ignorance of the law is no defense" since the beginning of the appeal despite Mr.

Minor repeatedly asserting that he was making no such argument.  Apparently, the

Government insists on misconstruing Mr. Minor's actual arguments to assert that

the initial panel decision would create a "11-1 circuit split."  Government Brief, p.

10.  Because Mr. Minor has not argued that the Government was required to show

an intentional violation of Section 922(g)(9) and because the panel opinion also did

not so find, this Court should disregard this "window dressing" by the

Government.

---

[2]      Neither the Government nor the amici cite to *Ruan* at all.

Fourth, Mr. Minor has not conceded that the Government proved "every fact

bringing him within that category."  The Government argues that it was required to

prove only that Minor knew "(1) that he sustained a prior **conviction**; (2) that the

prior conviction carried **misdemeanor** penalties; (3) that the offense of which he

was convicted required proof that he used **physical force** against his victim; and

(4) that the victim was in a **domestic relationship** at the time of the offense.

Government Brief, p. 15 (emphasis in original).  But the definition of "domestic

violence" by statute is not so limited.  18 U.S.C. § 922(a)(33).  It also includes:

> (B) (i) A person shall not be considered to have been convicted of such an
> offense for purposes of this chapter, unless— (I) the person was represented
> by counsel in the case, or knowingly and intelligently waived the right to
> counsel in the case; and (II) in the case of a prosecution for an offense
> described in this paragraph for which a person was entitled to a jury trial in
> the jurisdiction in which the case was tried, either (aa) the case was tried by
> a jury, or (bb) the person knowingly and intelligently waived the right to
> have the case tried by a jury, by guilty plea or otherwise. (ii) A person shall
> not be considered to have been convicted of such an offense for purposes of
> this chapter if the conviction has been expunged or set aside, or is an offense
> for which the person has been pardoned or has had civil rights restored (if
> the law of the applicable jurisdiction provides for the loss of civil rights
> under such an offense) unless the pardon, expungement, or restoration of
> civil rights expressly provides that the person may not ship, transport,
> possess, or receive firearms. (C) A person shall not be considered to have
> been convicted of a misdemeanor crime of domestic violence against an
> individual in a dating relationship for purposes of this chapter if the
> conviction has been expunged or set aside, or is an offense for which the
> person has been pardoned or has had firearm rights

Section 333(a)(33)(B).

4

The Government does not argue that any of these things in Section

333(a)(33)(B) were stipulated to by Mr. Minor or found by a jury.  And we know

that there was no recording introduced of the Maine colloquy when Mr. Minor

resolved the case by a "nolo" resolution.  Nor can it be said - - given that he has

asserted he was advised that he was eligible to possess his firearm after such

resolution - - that the jury would not have found that he had his "civil rights" to

possess a firearm "restored."

   B.  Mr. Minor's Constitutional Rights Were Violated By The Jury
       Instructions

Having established what Mr. Minor has not argued or conceded, he will

turn now to the real issue before this Court:  did Mr. Minor have the constitutional

right to have the jury determine beyond a reasonable doubt whether "he knew that

he had been previously convicted of a misdemeanor crime of domestic violence,"

an instruction he specifically requested?  (RA 93).

Despite all the arguments to the contrary,[3] it really is quite a simple issue.

The Government was required to prove, and the jury required to find, beyond a

reasonable doubt that Mr. Minor "knew" he previously had "been convicted in any

---

[3]     Mr. Minor recognizes that the nature of the Court's questions for
supplemental briefing may have encouraged the Government to think of a "parade
of terribles" and "hypotheticals" that are not present in the current case.  But, in
any event, despite all its creative arguments, the Government never quite addresses
why Mr. Minor himself was not entitled to the jury instruction he requested.

court of a misdemeanor crime of domestic violence."  Section 922(g)(9).  The

express, simple language is in the prohibition section of Section 9, and pursuant to

*Rehaif* an *Ruan*, a jury must so find such knowledge.   This was not even a case

where the jury was instructed as to the language of Section 9, and then the judge

gave further instructions on definitions.  The jury simply never were required to

find beyond a reasonable doubt that Mr. Minor had the actual mens rea required,

i.e., that he <u>knew</u> he had previously been convicted of a misdemeanor crime of

domestic violence.

It is quite telling that the Government never addresses all the pertinent facts

that put Mr. Minor's mens rea in this regard at issue.  The Government does not

seem to think it "matters" that:  (A) the charge was amended to strike the "family

members" language and specifically charged as a simple assault; (B) the judgment

does not mention "Betty Ann Minor" or characterize the conviction as a "domestic

violence" crime (C) the assistant district attorney testified that the charge was

specifically amended to reduce a charged "domestic" as a "simple" assault; (D) the

proffered testimony of Mr. Minor's defense counsel that Mr. Minor was advised he

could keep possession of a firearm after the Maine conviction; and (E) Mr. Minor's

testimony that he believed he was able to possess a gun and that he hadn't been

convicted of a "domestic."  It is inexplicable that the Government does not believe

it has to prove the conduct as specifically proscribed by Section 933(g)(9).  The

Government's assertion that a jury could not understand what a "domestic violence misdemeanor" was also falls flat.  Clearly, the Government can make its argument as to why Mr. Minor "knew" it was a domestic violence misdemeanor (it was an assault, the punishment was less than a year imprisonment and the victim was his ex-wife) and Mr. Minor can rebut with the evidence above that he in fact did <u>not</u> know he had been convicted of a domestic violence misdemeanor  The Government never explains in a cogent way why this case is any different than other ones where the jury must find the mens rea element on all facts given to them.

The Government further never addresses the important public policy considerations why we do not want the criminal law to punish people who do not have the mens rea required by a statute.   In *Rehaif*, the Court's reading of Section 922:

> is consistent with a basic principle that underlies the criminal law, namely, the importance of showing what Blackstone called a vicious will. As this Court has explained, the understanding that an injury is criminal only if inflicted knowingly 'is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil. Scienter requirements advance this basic principle of criminal law by helping to separate those who understand the wrongful nature of their act from those who do not.

*Rehaif*, 139 S. Ct. at 1296-1297. Here, the jury very likely could find that Mr. Minor completely lacked a "vicious will" when possessing his father's service weapon and simply did not understand the "wrongful nature of [his] act."

The *Rehaif* court found that possessing a gun was not in itself inherently wrongful and is made criminal only by the defendant's knowledge of his prohibited status. The Supreme Court Court recently has gone further in affirming the rights of citizens to possess guns under the Second Amendment. In *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2129-2130 (2022) (internal quotation and citation omitted), the Court held: "the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." Mr. Minor asserts that although *Bruen* was decided after he filed his appeal, it is instructive on mens rea where the Court found that not only is gun ownership not "wrong" per se, it is protected by the Second Amendment unless the Government shows its regulation is consistent with

historical firearm regulation.[4]  In other words, nothing from the mere possession of

the firearm can be imputed to suggest that Mr. Minor had a "knowing" mens rea.

The Government also completely ignores (and never cites) the Fifth and

Sixth Amendments under which a criminal defendant is guaranteed to have a jury

of his peers decide whether he committed a crime beyond a reasonable doubt.

This Court held in *United States v. Dirico*, 78 F.3d 732, 735 (1996) (internal

quotations and citations omitted) (emphasis added):

> The Supreme Court's recent opinion… makes it clear that when 'materiality'
> is an element of a charged crime and takes on a factual aspect, the jury must
> decide whether that element has been proved beyond a reasonable doubt.
> **Plainly, an instruction that removes from the jury's consideration one of
> the essential factual elements of a crime charged cannot stand**. Jury
> instructions cannot operate to deprive a criminal defendant of his or her
> constitutional right to have a jury determine, beyond a reasonable doubt, his
> guilt of every element of the crime with which he is charged

Despite this longstanding (and undisputed) constitutional precedent, the

Government does not even mention *Dirico* or attempt to distinguish it.  Here, as in

*Dirico*, "knowledge of status" has been found by the Supreme Court to be a

material element in a Section 922(g)(9) prosecution.

---

[4]    Indeed, on November 10, 2022, a district court struck down Section
922(g)(8) as unconstitutional after finding that subsection - -  which prohibited
firearm ownership by someone subject to a restraining order - - - was not shown by
the Government to be part of a historical tradition of firearm regulation aimed at
domestic violence offenders.  *See United States v. Perez-Gallan*, 2022 U.S. Dist.
Lexis 204756 (W.D. Tx. 2022).

Having specifically requested that the jury - - and not the judge - - determine whether he had the requisite knowledge that he had previously been convicted of a misdemeanor crime of domestic violence , Mr. Minor was denied his rights under the Fifth and Sixth Amendments.  His conviction must be reversed.

## III.    CONCLUSION

For the reasons set forth above, Mr. Minor respectfully requests that this Court overturn his conviction and remand the case to district court.

WILLIE RICHARD MINOR

By his counsel,

/s/ Karen A. Pickett

_____

Karen A. Pickett
First Circuit No. 89088
Pickett Law Offices, P.C.
125 High Street, 26th Floor
Boston MA  02110
617 423 0485
kpickettlaw@gmail.com

Dated:  November 16, 2022

<u>CERTIFICATE OF COMPLIANCE UNDER FED.R.APP.P. 32(a)(7)</u>

I hereby certify that this reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:  (1) this brief is no more than fifteen pages and (2) this brief complies with the typeface requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in 14 point proportionality spaced using Times New Roman font.

<u>/Karen A. Pickett</u>

Dated:      November 16, 2022

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


<u>/s/Karen A. Pickett</u>
Karen A. Pickett

Dated:        November 16, 2022